UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| CHRISTELA NEAL, | ) | Case No.: 1:17 CV 2427 |
| | ) | |
| Plaintiff, | ) | |
| | ) | JUDGE SOLOMON OLIVER, JR. |
| v. | ) | |
| | ) | |
| UNITED AUTO WORKERS, | ) | MEMORANDUM OF OPINION |
| | ) | AND ORDER |
| Defendant. | ) | |

*Pro se* Plaintiff Christela Neal filed this action against the United Auto Workers ("UAW"). Plaintiff's Complaint states in its entirety:

> Ongoing retaliation taking place that include[s] telephone taping, mail tampering, altered doctor's appointments, bank account tampered with and a host of other matters therein resulting to severe harassment. There's no jurisdiction for domestic terrorism, however, one needs to be desperately enacted ASAP.

(ECF No. 1 at 1). She indicates she is asserting claims for "domestic terrorism related to KKK activities." (ECF No. 1 at 1). She attaches an Ohio Civil Rights Commission charge indicating she worked for Ford Motor Company from 1994 to 2008 and learned that her disability retirement had been coded as early retirement causing her to pay additional taxes for which the UAW refused to compensate her. She does not specify the relief she seeks.

Plaintiff also filed an Application to Proceed *In Forma Pauperis* (ECF No. 2). That Application is granted.

**Standard of Review**

Although *pro se* pleadings are liberally construed, *Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam); *Haines v. Kerner*, 404 U.S. 519, 520 (1972), the Court is required to dismiss an *in forma pauperis* action under 28 U.S.C. §1915(e) if it fails to state a claim upon which relief can be granted, or if it lacks an arguable basis in law or fact. *Neitzke v. Williams*, 490 U.S. 319 (1989); *Lawler v. Marshall*, 898 F.2d 1196 (6th Cir. 1990); *Sistrunk v. City of Strongsville*, 99 F.3d 194, 197 (6th Cir. 1996). An action has no arguable basis in law when a Defendant is immune from suit or when a Plaintiff claims a violation of a legal interest which clearly does not exist. *Neitzke*, 490 U.S. at 327. An action has no arguable factual basis when the allegations are delusional or rise to the level of the irrational or "wholly incredible." *Denton v. Hernandez*, 504 U.S. 25, 32 (1992); *Lawler*, 898 F.2d at 1199.

When determining whether the Plaintiff has stated a claim upon which relief can be granted, the Court must construe the Complaint in the light most favorable to the Plaintiff, accept all factual allegations as true, and determine whether the Complaint contains "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). The Plaintiff's obligation to provide the grounds for relief "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id*. Although a Complaint need not contain detailed factual allegations, its "factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the Complaint are true." *Id*. The Court is "not bound to accept as true a legal conclusion couched as a factual allegation." *Papasan v. Allain*, 478 U.S. 265, 286 (1986). The Supreme Court in *Ashcroft v. Iqbal*, 556 U.S. 662, 677-678 (2009), further explains the "plausibility" requirement, stating that

" a claim has facial plausibility when the Plaintiff pleads factual content that allows the Court to draw the reasonable inference that the Defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. Furthermore, "the plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a Defendant acted unlawfully." *Id*. This determination is a "context-specific task that requires the reviewing Court to draw on its judicial experience and common sense." *Id*.

**Analysis**

It is difficult to decipher what claims Plaintiff intends to assert in her Complaint. As she indicates, there is no federal private right of action for domestic terrorism. To the extent she intended this to be her cause of action, she failed to state a claim upon which relief may be granted.

Plaintiff also included exhibits pertaining to a claim she filed with the Civil Rights Commission suggesting UAW discriminated against her on the basis of her disability by coding her retirement as early retirement rather than disability retirement. She claimed this resulted in a higher tax liability. To the extent she was attempting to assert a claim under the Americans with Disabilities Act ("ADA"), she also fails to state a claim.

The Court is aware that, at this stage, Plaintiff is not required to plead her discrimination claim with heightened specificity. *See Swierkiewicz v. Sorema N. A.*, 534 U.S. 506, 513-14 (2002). Nevertheless, Plaintiff must still provide "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. Plaintiff's Complaint never rises above the speculative level. The Court is left to guess her what her condition is and whether is qualifies as a disability under the statute. Plaintiff does not allege any facts in her Complaint about her employment with Ford Motor Company for the reasons surrounding her departure from Ford. Without this information, the Court

is unable to deduce why she believes her condition was a factor in the decision to code her retirement as early retirement.

Furthermore, to hold the union liable under the ADA, Plaintiff must allege facts suggesting that the Union breached its duty of fair representation and that her employer breached the collective bargaining agreement. *Black v. Ryder/P.I.E. Nationwide, Inc.,* 15 F.3d 573 (6th Cir.1994); *Bradshaw v. Goodyear Tire & Rubber Co.,* 485 F. Supp. 2d 821, 828 (N.D. Ohio 2007)(citing Section 301 of the Labor Management Relations Act , 29 U.S.C. § 185). Without factual allegations, the Complaint fails to suggest that either of these things occurred when her benefits were coded as early retirement rather than disability. There is nothing in the Complaint to suggest the UAW violated the ADA.

## Conclusion

Accordingly, Plaintiff's Application to Proceed *In Forma Pauperis* (ECF No. 2) is granted. This action is dismissed pursuant to 28 U.S.C. §1915(e). The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.[1]

IT IS SO ORDERED.

/*s*/ SOLOMON OLIVER, JR.
UNITED STATES DISTRICT JUDGE

April 18, 2018

---

[1] 28 U.S.C. § 1915(a)(3) provides:

An appeal may not be taken *in forma pauperis* if the trial court certifies that it is not taken in good faith.